## REID *v.* JONES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 147.  Argued October 24, 1902.—Decided December 1, 1902.

One convicted in a State court for an alleged violation of the criminal statutes of the State, and who contends that he is held in violation of the Constitution of the United States, must ordinarily first take his case to the highest court of the State, in which the judgment could be reviewed, and thence bring it, if unsuccessful there, to this court by writ of error.

THE case is stated in the opinion of the court.

*Mr. John H. Denison* and *Mr. William M. Springer* for appellant.

*Mr. Frederic D. McKenney* for appellee. *Mr. Charles C. Post,* attorney general of the State of Colorado, was with him on the brief.

OCTOBER TERM, 1902.

MR. JUSTICE HARLAN delivered the opinion of the court.

After the appellant Reid had been convicted and sentenced, as shown in the case just decided, he was arrested upon a mittimus sued out by the State. He immediately obtained a writ of *habeas corpus* from the Circuit Court of the United States for the District of Colorado. But that court, upon hearing, remanded the prisoner to the custody of the State authorities, and dismissed his application to be discharged. He thereupon prayed and was allowed an appeal to this court.

The merits of this case have been fully considered in case No. 269, *Reid* v. *Colorado, ante,* 137. But if this had not been, we should dismiss the present appeal; for, one convicted in a State court for an alleged violation of the criminal statutes of the State, and who contends that he is held in violation of the Constitution of the United States, must ordinarily first take his case to the highest court of the State, in which the judgment could be reviewed, and thence bring it, if unsuccessful there, to this court by writ of error; that only in certain exceptional cases, of which the present is not one, will a Circuit Court of the United States, or this court upon appeal from a Circuit Court, intervene by writ of *habeas corpus* in advance of the final action by the highest court of the State. *Ex parte Royall,* 117 U. S. 241, 251; *New York* v. *Eno,* 155 U. S. 89; *Minnesota* v. *Brundage,* 180 U. S. 499, 502, and authorities cited.

The judgment is

*Affirmed.*