### Ex parte BROWN.

#### (Circuit Court, D. Massachusetts. March 1, 1907.)

#### No. 230.

CRIMINAL LAW—FELONIES AND MISDEMEANORS—MASSACHUSETTS STATUTE.

Rev. Laws Mass. c. 215, § 1, provides that any crime punishable by death or by imprisonment in the State Prison is a felony, and that all other crimes are misdemeanors. When such statute was enacted the state had but one state prison, in which both men and women were confined, but subsequently it established a women's prison, and provided by statute that women convicted of offenses for which they would previously have been sent to the state prison should thereafter be sentenced to the women's prison, and also that women convicted of lesser offenses punishable by imprisonment in a jail or house of correction might be sentenced to such women's prison. *Held*, that the latter class of offenses were not thereby made felonies, but that so far as relates to women, the grade of the offense was no longer determined by the place of imprisonment to which they might be sentenced, but rather by the place in which a man guilty of the same offense would be confined.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 29–31.]

At Law. On petition for writ of habeas corpus.

P. H. Kelley, for petitioner.

John S. Richardson, for the Commonwealth of Massachusetts.

LOWELL, Circuit Judge. The petitioner has applied for a writ of habeas corpus to release her from confinement in the house of correction of Suffolk county. These are the facts: Complaint was made against her in the municipal court of the city of Boston for keeping a house of ill fame. Rev. Laws Mass. c. 212, § 19. To this complaint she pleaded not guilty. She was tried without a jury and found guilty, and was sentenced to six months imprisonment in the House of Correction. From the judgment of the municipal court she appealed to the superior court, and the complaint against her was entered there. In that court she entered a motion to quash the complaint; she was called to come into that court, made default, was arrested, committed to jail, brought before the court, and sentenced to the House of Correction for a year. She contends that the crime for which she is undergoing a punishment is, by the laws of Massachusetts, a felony, for which she cannot be punished except upon indictment found by a grand jury. Her argument that the crime charged against her is a felony is substantially as follows:

Rev. Laws Mass. c. 215, § 1, provides that any crime punishable by death or by imprisonment in the State Prison is a felony, and that all other crimes are misdemeanors. The Women's Prison at Sherborn was established for the separate confinement of female prisoners, and those women who, before its establishment, would have been sentenced to the State Prison in Charlestown, are now sentenced to Sherborn. Hence the Women's Prison is a state prison, and those sentenced to it are felons by the definition of the statute. The petitioner might have been sentenced to Sherborn as punishment for the crime charged in the complaint against her. Hence it follows that she was charged with a felony, and her conviction and imprisonment without an indictment were illegal.

But while all female felons, speaking generally, are sentenced to Sherborn, it does not follow that all those sentenced there are felons. A comparison of Rev. Laws, c. 223, § 1, which establishes the State Prison in Charlestown, with section 28, which establishes the Women's Prison, exhibits as much difference as resemblance. Compare section 20, which establishes the Concord Reformatory. That the offense of which the petitioner was convicted is a misdemeanor and not a felony was decided in Commonwealth v. Smith, 138 Mass. 489. There, indeed, the defendant was a man, but it is inconceivable that the same offense should be a misdemeanor or a felony according to the sex of the offender.

The answer to the petitioner's argument is therefore obvious. While men and women guilty of the same offenses were punished in the same prisons, the Legislature made the prison the test of the felony. A separate prison was thereafter established for women. To it could be sentenced not only a female felon, but also a female misdemeanant, "a female who is convicted of a crime which is punishable by imprisonment in a jail or house of correction." Rev. Laws, c. 220, § 15. So far as women are concerned, the place of imprisonment is no longer the test of felony, but rather the place in which a man guilty of the same offense would be confined.

This appears so plainly from a reading of the statutes that the court need not consider if the petitioner should not have been put to her writ of error, although her imprisonment had appeared illegal. Reid v. Jones, 187 U. S. 153, 23 Sup. Ct. 89, 47 L. Ed. 116.

The petitioner alleges other defects in the proceedings, but they were not argued.

Petition for writ of habeas corpus denied.