### Ex parte COUNORT.

(Circuit Court, E. D. Washington, E. D. March 6, 1911.)

HABEAS CORPUS (§ 45*)—FEDERAL COURTS—COMITY.

    A writ of habeas corpus would not be granted by a federal court to review a petitioner's restraint under a conviction for neglecting or refusing to cause children to attend school, in violation of the state statute, on the ground that the information did not charge a crime, was not properly verified, and that the statute did not conform to the state Constitution; such questions being purely of local law, on which the decision of the state courts would be conclusive.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. § 45;* Courts, Cent. Dig. §§ 1096, 1376–1385.

    Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

Application of F. B. Counort for a writ of habeas corpus. Denied.

Moye Wicks, for petitioner.

Lovejoy & Jesseph, for Spokane County.

RUDKIN, District Judge. On the 27th day of February, 1911, the petitioner, Counort, was convicted before the superior court of Spokane County of the crime of neglecting and refusing to cause his children to attend school, in violation of section 1 of subdivision 16 of the Code of Public Instruction of the state of Washington (Laws of 1909, p. 364), and was committed to the keeper of the county jail in default of payment of the fine and costs imposed. He now applies to this court for writ of habeas corpus, claiming that his restraint and imprisonment are illegal, in this: First, because the information under which the conviction was had fails to negative certain exceptions contained in the enacting clause of the statute; second, because the information was verified by the deputy prosecuting attorney instead of by the attendance officer or county superintendent, as required by law; and,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

third, because the subject of the act under which the conviction was had is not expressed in the title, as required by section 19 of article 2 of the state Constitution.

Manifestly, the final judgment of a state court of competent jurisdiction cannot be reversed or annulled by a federal court on any such grounds or for any such reasons. In Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760, a writ of habeas corpus was sued out on the ground that the state statute under which the prisoner was held, as construed by the highest court of the state, violated the national Constitution; but in reversing a judgment discharging the prisoner the court said:

"It is the settled doctrine of this court that although the Circuit Courts of the United States, and the several justices and judges thereof, have authority, under existing statutes, to discharge, upon habeas corpus, one held in custody by state authority in violation of the Constitution or of any treaty or law of the United States, the court, justice, or judge has a discretion as to the time and mode in which the power so conferred shall be exerted, and that in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several states, a federal court or a federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this court for re-examination. The exceptional cases in which a federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency, that require to be promptly disposed of, such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.' The present case is not within any of the exceptions recognized in our former decisions. If the applicant felt that the decision, upon habeas corpus, in the Supreme Court of the state, was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court. In Reid v. Jones, 187 U. S. 153 [23 Sup. Ct. 89, 47 L. Ed. 116], it was said that one convicted for an alleged violation of the criminal statutes of a state, and who contended that he was held in violation of the Constitution of the United States, 'must ordinarily first take his case to the highest court of the state, in which the judgment could be reviewed, and thence bring it, if unsuccessful there, to this court by writ of error; that only in certain exceptional cases, of which the present is not one, will a Circuit Court of the United States, or this court upon appeal from a Circuit Court, intervene by writ of habeas corpus in advance of the final action by the highest court of the state.' So, in the recent case of Drury v. Lewis, 200 U. S. 1 [26 Sup. Ct. 229, 50 L. Ed. 343], it was said that, in cases of the custody by state authorities of one charged with crime, the settled and proper procedure was for a Circuit Court of the United States not to interfere by habeas corpus, 'unless in cases of peculiar urgency, and that instead of discharging they will leave the prisoner to be dealt with by the courts of the state; that, after a final determination of the case by the state court, the federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state and finally discharged therefrom."

The Brown Case presented stronger grounds for federal interference than does the case at bar, for in that case it was claimed that the

act under which the prisoner was restrained of his liberty violated the federal Constitution, whereas this case presents questions of local law only. Whether the information charges a crime or is properly verified, or whether the state statute conforms to the state Constitution, presents questions of local law only upon which the decision of the state courts is binding on the federal courts. Should this court discharge the prisoner for any of the reasons stated the Supreme Court of the state may hereafter sustain both the information and the statute and the condition thus brought about would be intolerable. In the exercise of its acknowledged jurisdiction a federal court must sometimes construe and apply a state statute in advance of the state tribunals, but it will not do so on an application of this kind.

The writ is therefore denied.