### Ex parte BARTLETT.

(District Court, E. D. Wisconsin. June 22, 1912.)

1. HABEAS CORPUS (§ 45*)—FEDERAL JURISDICTION.

Federal jurisdiction to review the legality of a prisoner's restraint of liberty under a state writ should not be exercised before trial, unless the act alleged to have been done or omitted has reference to a law of the United States or an order, process, or decree of a federal court, or where the petitioner is a subject or citizen of a foreign state and domiciled therein, and is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order, or sanction of a foreign state or under color thereof, the validity and effect of which depend on the law of nations, or in such and like cases of urgency involving the authority of the general government, its obligations to, or its relations with, foreign nations, etc.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 1096, 1376–1385; Dec. Dig. § 45.*]

2. HABEAS CORPUS (§ 54*)—FEDERAL JURISDICTION—"EXCEPTIONAL CASE OF PECULIAR URGENCY."

Petitioner, having been arrested for violating the Wisconsin Usury Law (St. Wis. 1898, § 1691, as amended by Laws 1905, c. 278, and Laws 1907, c. 412), making the collection of rates of interest in excess of those specified a misdemeanor, applied to a federal court for a writ of habeas corpus on the ground that the statute was unconstitutional, and alleged that he had no adequate remedy in the state courts because, if, when tried, he was found guilty, the court would immediately impose the penalty of imprisonment, and not a fine, having previously inflicted imprisonment as a penalty in other recent cases, and would not stay execution of the sentence pending appeal, that the appeal would be ineffective because the Wisconsin Supreme Court had already decided the statute constitutional and would adhere to its ruling, and that petitioner could not obtain a decision on appeal to the Supreme Court of the United States from the decision of the state court before the sentence that would be imposed had expired. *Held*, that such petitioner improperly assumed that his trial in the state court would result in a conviction, and that such court would sentence to imprisonment when it had authority to impose a fine as a penalty and also to order his enlargement pending appeal, and that such allegations were, therefore, insufficient to show that the case was an exceptional one of peculiar urgency sufficient to require the granting of the writ by the federal court.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 51; Dec. Dig. § 54.*

Jurisdiction of federal courts on habeas corpus, see note to In re Huse, 25 C. C. A. 4.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application by Frank D. Bartlett for writ of habeas corpus to review the constitutionality of St. Wis. 1898, § 1691, as amended by Laws 1905, c. 278, and Laws 1907, c. 412. Denied.

Adolph Kanneberg and H. B. Walmsley, both of Milwaukee, Wis., for petitioner.

W. C. Zabel and J. E. Lehr, both of Milwaukee, Wis., for respondent.

GEIGER, District Judge. Frank D. Bartlett filed a petition for a writ of habeas corpus, alleging that he is imprisoned and restrained of his liberty by the respondent Arnold, as sheriff of Milwaukee county, Wis., by virtue of a warrant issued out of the district court of Milwaukee county, Wis., upon a complaint filed in said court charging the petitioner with a violation of section 1691 of the Statutes of Wisconsin, as amended by chapters 278 of the Laws of 1905, and 412 of the Laws of 1907, state of Wisconsin, known as the "Usury Laws," making it a misdemeanor for the collection of rates of interest in excess of those specified in said statutes. Such arrest was made on or about May 1st, and the hearing thereon was adjourned from time to time until May 27th, since which date the matter has been stayed in said court in obedience to the writ issued herein.

The statute above cited is challeged as contravening the Constitution of the United States, as unreasonable, and beyond the power of the state Legislature to enact, as unwarrantably limiting the right to make contracts, and, generally, as denying the equal protection of the laws, and abridging the privileges and immunities of citizens of the United States. Hence it is claimed petitioner's detention is illegal. The sheriff of Milwaukee county having made return to the writ, in substance, that the petitioner is in his custody pursuant to the complaint and warrant above referred to, there is presented the preliminary question whether this court should take jurisdiction of the proceeding.

[1] The general rule respecting jurisdiction of the federal courts, and the discretion to be exercised by them in cases like this, is free from doubt. In the leading case of Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868, Mr. Justice Harlan, in meeting the question whether the federal courts were required imperatively by the habeas corpus statute to exercise the jurisdiction granted, whenever it is sought to be invoked, said:

"We are of opinion that while the Circuit Court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national Constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that Congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the same territorial limits, where the accused claims that he is held in custody in violation of the Constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing

under our system of government between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution. When the petitioner is in custody by state authority for an act done or omitted to be done in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof, or where, being a subject or citizen of a foreign state, and domiciled therein, he is in custody, under like authority, for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, or order; or sanction of any foreign state, or under color thereof, the validity and effect whereof depend upon the law of nations, in such and like cases of urgency, involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations, the courts of the United States have frequently interposed by writ of habeas corpus and discharged prisoners who were held in custody under state authority."

In a long line of cases, of which Baker v. Grice, 169 U. S. 284, 18 Sup. Ct. 323, 42 L. Ed. 748, Minnesota v. Brundage, 180 U. S. 503, 21 Sup. Ct. 455, 45 L. Ed. 639, Reid v. Jones, 187 U. S. 153, 23 Sup. Ct. 89, 47 L. Ed. 116, Drury v. Lewis, 200 U. S. 1, 26 Sup. Ct. 229, 50 L. Ed. 343; and Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760, are recent examples, the Supreme Court has uniformly refused to sanction the exercise of the jurisdiction, while others, notably Re Loney, 134 U. S. 372, 10 Sup. Ct. 384, 33 L. Ed. 949, Re Neagle, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55, Ohio v. Thomas, 173 U. S. 276, 19 Sup. Ct. 453, 43 L. Ed. 699, Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764, aptly illustrate the exceptional instances, which, according to the principles of Ex parte Royall, supra, call for its exercise. Such, also, is Ex parte Eaglesfield (D. C.) 180 Fed. (Eastern Dist. Wis.) 558, where the petitioner, a licensed coastwise trader on the Great Lakes, having been arrested for an alleged violation of a "transient merchant" ordinance, was discharged upon habeas corpus by this court on the ground that the trading complained of was carried on under federal authority, and at a locality peculiarly within federal jurisdiction.

[2] It will be seen from an examination of the cases, that the "discretion" referred to by the Supreme Court is not one left to the several courts to be exercised or not exercised, according to the views which they may entertain in each individual case; but it is the broad discretion which the federal judiciary has assumed to determine the classes of cases in which it will and in which it will not exercise the jurisdiction conferred by the statute—merely for the purpose of preventing a conflict of concurrent jurisdictions. Therefore, the principle having been promulgated and applied as above stated, the only question to be determined when a particular case is presented to a federal court is, Does it fall within or without the class calling for the exercise of the jurisdiction? This is manifest from cases where the lower courts had entertained the proceeding, or had refused to entertain it, the Supreme Court on appeal determined as the preliminary or sole question whether such jurisdiction was properly exercised or refused. Baker v. Grice, supra; Drury v. Lewis, supra; Urquhart

v. Brown, supra. In other words, the broad rule above quoted from Ex parte Royall contains the test for determining whether a case is "exceptional," of "peculiar urgency," or the like.

Upon the argument of this matter, the petitioner, doubtless recognizing the limitations above referred to, and to bring himself within the class of cases in which the jurisdiction is exercised, asked and obtained leave to amend his petition by alleging, in substance, the following: That although he has not been tried in the state court, if, when tried, he is found guilty, such court will impose the penalty of imprisonment, and not a fine, because such court has inflicted the former in other recent cases; that the court will not stay execution of its sentence pending an appeal; that an appeal would lie, if petitioner is convicted, to the circuit court for Milwaukee county, and from the latter to the Supreme Court of Wisconsin. The term of imprisonment is assumed to be several months, and in the ordinary course of procedure the various steps on appeal, including a writ of error to the Supreme Court of the United States, could not be taken before the expiration of the sentence imposed. Attention is called to the decision of the Supreme Court of Wisconsin (Ornstine v. Cary, 126 Wis. 135, 105 N. W. 792, 11 L. R. A. [N. S.] 174), holding that the statute in question does not contravene the state or federal Constitutions; and it is contended that such ruling will be adhered to, and that the trial court in petitioner's case, in obedience to such ruling, will decide adversely to him. These claims have been considered, though the amendment to the petition has not been formally filed.

In support of the contention that the foregoing makes out an exceptional or peculiarly urgent case, counsel has cited In re Grice (C. C.) 79 Fed. 627, in which the petitioner successfully invoked the jurisdiction of a federal Circuit Court upon habeas corpus to obtain a discharge from arrest under the anti-trust law of Texas. A situation of urgency, quite analogous to that above presented, was alleged to exist. The court entertained the proceeding, and, holding the state law unconstitutional, discharged the petitioner. The Supreme Court, however (Baker v. Grice, supra), reversed the lower court on the sole ground that the case was not of the exceptional class calling for the exercise of federal jurisdiction. It may be a question, as suggested in the Grice Case, whether, after a trial in a state court upholding a law alleged to contravene the federal Constitution, the federal courts should not take jurisdiction if it appeared that an appeal from a sentence imposing a fine could not be taken except on condition of imprisonment pending such appeal. Of course, when the federal courts have adopted a policy of exercising their jurisdiction in a limited class of cases out of respect to, and to prevent conflicts with, a concurrent state jurisdiction, it is assumed that the latter is open to, and will be fairly exercised toward, an accused; and it may be noted that even if the federal jurisdiction could cover a wider range of cases, if any respect is to be given the state courts, there is this weakness in the petitioner's case: It assumes (a) that his trial in the state court will result in his conviction; (b) that the state court, upon conviction, will pursue a certain course, when, in fact, it has ample power to

pursue another, respecting the penalty and his enlargement pending appeal. That is, the situation disclosed and relied upon is not one at present existing, but rather one which the petitioner conjectures or prophesies may come to pass. If such a case is to be deemed exceptional or urgent, then the federal jurisdiction, instead of being limited, would become merely the optional recourse of persons in the custody of state officers under laws the validity of which is challenged, and such jurisdiction could be invoked by contemplating the consequences which might ensue an attempted enforcement through ordinary state procedure. I am satisfied that jurisdiction should not be taken in this matter.

An order may be entered discharging the writ of habeas corpus, on the ground that the court declines to exercise its jurisdiction; and the petitioner is remanded to the custody of the respondent sheriff of Milwaukee county.