### Ex parte COATZ.

(District Court, W. D. Washington, N. D. February 20, 1917.)

#### No. 3557.

HABEAS CORPUS ⬤═45(5)—FEDERAL COURTS—PERSONS IN CUSTODY OF STATE AUTHORITIES—REMEDY BY WRIT OF ERROR.

Except in cases of great urgency, a federal court will not, on habeas corpus, discharge a person in the custody of the state authorities, charged with a crime under the laws of the state, on the ground that his constitutional rights have been violated, but will leave him to his remedy by writ of error to the United States Supreme Court, after presenting his contention to the highest court of the state.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–44; Courts, Cent. Dig. §§ 804, 805, 990.]

Petition by W. A. Coatz for writ of habeas corpus. Writ discharged.

Robert Welch, of Seattle, Wash., for petitioner.

Alfred H. Lundin, Pros. Atty., and Frank P. Helsell, Asst. Pros. Atty., both of Seattle, Wash., for respondent.

NETERER, District Judge. In response to an order of this court, based upon the petition herein, alleging that petitioner is unlawfully deprived of his liberty by the respondent, the petitioner is produced, together with a return to the order, in which it appears that petitioner was charged under the laws of the state of Washington with being an habitual criminal (section 2286 Rem. & Bal. Codes of Washington), and was accorded a trial pursuant to the laws of Washington, and that, upon a return by the jurors finding the petitioner guilty of the charge made, he thereupon appealed to the Supreme Court of the state of Washington, and the conviction and judgment of the state superior court was affirmed; that thereupon a petition for rehearing was filed, and the said petition for rehearing was duly considered and disposed of by the Supreme Court of the state of Washington on the 6th day of February, 1917, and the remittitur of the Supreme Court transmitted to

the superior court of the state by virtue of which remittitur the judgment of the trial court was made final. The matter comes before this court in the form of a demurrer to the return of the sheriff of King county, and it is contended by the petitioner that he is sentenced contrary to his constitutional rights; that he is being twice put in jeopardy for the same offense, contrary to the provisions of article 5 of the Amendments to the United States Constitution, and contrary to article 1, § 9, of the state Constitution.

Without discussing the merits of the contention of the petitioner, I think that the Supreme Court of the United States, in Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760, has definitely pointed out that the duty of this court is to discharge the writ and dismiss the petition. The petitioner being in the custody of the state authorities, charged with a crime under the laws of the state, his duty, as stated by the Supreme Court in Reid v. Jones, 187 U. S. 153, 23 Sup. Ct. 89, 47 L. Ed. 116, after presenting his contention to the highest court of the state in which judgment could be reviewed, if unsuccessful, is to take it to the Supreme Court of the United States by writ of error, and that only in exceptional cases should the District Court intervene by writ of habeas corpus; and in Drury v. Lewis, 200 U. S. 1, 26 Sup. Ct. 229, 50 L. Ed. 343, the Supreme Court reaffirmed the expression in Reid v. Jones, supra, and stated that, except in cases of peculiar urgency, the federal court should leave the petitioner to his remedy by writ of error to the Supreme Court. The present case is not one of those of great urgency, involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.

The writ will be discharged, and the petition dismissed.