### Ex parte SHEARS.

(District Court, W. D. Washington, N. D.   June 14, 1920.)

No. 5042.

1. **Habeas corpus** ⟺45(2)—**Regularity of state extradition proceedings not subject to review by federal court.**
   The regularity of extradition proceedings, by which a person in custody of state authorities was brought into the jurisdiction, may not be inquired into by a federal court on habeas corpus.

2. **Habeas corpus** ⟺4—**Writ cannot be used as writ of error or appeal.**
   The writ of habeas corpus cannot be made to perform the office of a writ of error or appeal.

3. **Habeas corpus** ⟺45(5)—**Federal courts will anticipate action by state courts only in exceptional cases.**
   Only in exceptional cases of great urgency will a federal court intervene by writ of habeas corpus to discharge a prisoner held by state authority, in advance of final action by the highest court of the state.

4. **Habeas corpus** ⟺45(5)—**Federal court will not interfere pending similar proceeding in state court.**
   A federal court will not grant a writ of habeas corpus for release of a state prisoner, pending appeal from the decision of a state court in a similar proceeding.

Habeas Corpus.   Petition by Allen H. Shears for writ of habeas corpus.   Denied.

Vince H. Faben, of Seattle, Wash., for petitioner.
Charles Ethelbert Claypool, of Seattle, Wash., for defendant.

NETERER, District Judge.   The petitioner, held under a warrant of arrest regularly issued out of the state court, applies to this court for release on habeas corpus, charging that he is unlawfully restrained of his liberty.   It is urged before this court that the petitioner was discharged by the state court upon hearing under habeas corpus, and thereafter arrested upon a warrant issued upon an information based upon the original facts presented to the court in the habeas corpus proceedings, and that the decree of discharge is res

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

adjudicata. It appears that an appeal is pending before the state Supreme Court in this same matter. 192 Pac. ——. It is further urged that the petitioner was unlawfully brought into this jurisdiction by reason of irregularity in the extradition proceedings.

[1] It is apparent that the petitioner is now held by color of law, and the manner of the irregularity of the extradition may not now be inquired into. Pettibone v. Nichols, 203 U. S. 192, 27 Sup. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047. There was issued a legal warrant before the time the petition was filed, and the matter was and is now pending in the state courts, and this court will assume that the state court, which has equal power with this court, will save to the defendant all of his constitutional rights. Pettibone v. Nichols, supra.

[2] The writ of habeas corpus cannot be made to perform the office of writ of error or appeal. Ex parte Watkins, 3 Pet. 193, 7 L. Ed. 650; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717; Ex parte Curtis, 106 U. S. 371, 1 Sup. Ct. 381, 27 L. Ed. 232; Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005; In re Wight, 134 U. S. 136, 10 Sup. Ct. 487, 33 L. Ed. 865; In re Nielsen, 131 U. S. 176, 9 Sup. Ct. 672, 33 L. Ed. 118; In re Coy, 127 U. S. 731, 8 Sup. Ct. 1263, 32 L. Ed. 274. Nor can this court sit in review of state court proceedings.

[3] The Supreme Court, in Urquhart v. Brown, 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760, has definitely pointed out the duty of this court upon this issue; Justice Harlan said:

"It is the settled doctrine of this court that, although the Circuit Courts of the United States and the several justices and judges thereof have authority, under existing statutes, to discharge, upon habeas corpus, one held in custody by state authority in violation of the Constitution, or of any treaty or law of the United States, the court, justice, or judge has a discretion as to the time and mode in which the power so conferred shall be exerted, and that in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several states, a federal court or a federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to this court for reexamination. The exceptional cases in which a federal court or judge may sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the state are those of great urgency that require to be promptly disposed of, such, for instance, as cases 'involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations.'"

In Reid v. Jones, 187 U. S. 153, 23 Sup. Ct. 89, 47 L. Ed. 116, the court said that a party in custody for alleged violation of criminal state statutes, contending deprivation of constitutional rights, must "ordinarily first take his case to the highest court in the state in which the judgment could be reviewed," and thence bring it, if unsuccessful there, to the Supreme Court by writ of error, and only in exceptional cases would the federal court intervene by writ of habeas corpus in advance of final action of the highest court of the state. In

United States ex rel. Drury v. Lewis, 200 U. S. 1, 26 Sup. Ct. 229, 50 L. Ed. 343, the Supreme Court held that the Circuit Court properly declined to interfere with the possession of the state officers under a state warrant of a party in advance of trial in the state courts.

[4] The present case is not one of those of great urgency involving the authority and operation of the general government, or the obligations of this country to or its relations with foreign nations, and in harmony with the holding of this court in Ex parte Coatz (D. C.) 242 Fed. 1003, the writ must be discharged, and the petition dismissed.