## Ex parte THOMPSON.

District Court, D. Massachusetts.    July 19, 1927.

### No. 3727.

**Habeas corpus ⊝45(2)—Legality of arrest in interstate extradition should be tested in state court (28 USCA § 455).**

Notwithstanding the mandatory terms of Rev. St. § 755 (Comp. St. § 1283 [28 USCA § 455]), as to issuance of writ of habeas corpus, to avoid conflict between federal and state courts, legality of arrest of one held in interstate extradition proceeding should usually be tested by proceeding in state court.

Habeas Corpus. Petition by Fred H. Thompson for writ of habeas corpus to secure his release from the custody of John F. Stokes. Writ discharged.

Edmund A. Whitman, of Boston, Mass., for petitioner.

Ralph W. Stearns, Asst. Atty. Gen., opposed.

LOWELL, District Judge. Petition for writ of habeas corpus. By the return to the writ the petitioner is alleged to have committed larceny in New Hampshire and to be a fugitive from the justice of that state. The Governor of New Hampshire requested the Governor of Massachusetts to return Thompson to New Hampshire and appointed an agent to bring him back. The Governor of Massachusetts honored the requisition and Thompson was placed in the custody of the New Hampshire agent. He then applied to this court for a writ of habeas corpus, which issued, and the petitioner was admitted to bail.

The Constitution of the United States provides as follows:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime." Article 4, § 2.

The history of the provision is shown in Ex parte Kentucky v. Dennison, 24 How. 99, 16 L. Ed. 717. In 1793 the Congress passed a statute (1 Stat. 302) relating to the rendition of fugitives from justice. Ex parte Kentucky v. Dennison, supra. The subject is now covered by Revised Statutes, § 5278 (Comp. St. § 10126 [18 USCA § 662]), which reads as follows:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found, or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

The Attorney General of Massachusetts asked that the writ be discharged. It was stated, without contradiction, that it had always been the custom in this district to test in the state courts the legality of the arrest of a person held on the requisition of the Governor of another state. An instance of this practice is shown in Appleyard v. Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073. The petitioner contended that Revised Statutes, §§ 751 to 761, inclusive (Comp. St. §§ 1279–1289 [28 USCA §§ 451–461]), especially section 755, required the court of the United States to whom application for a writ of habeas corpus was directed to consider the merits of the case. Section 755 (Comp. St. § 1283 [28 USCA § 455]), reads as follows:

"The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, unless it appears from the petition itself that the party is not entitled thereto. * * *"

The statute is mandatory in terms, but in a very well considered opinion, which is often cited, Mr. Justice Harlan decided that, in order to avoid conflict between the federal and state courts, a person should usually be left to his remedy in the state courts. Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868. See, also, Urquhart v. Brown, 205 U. S. 179, 27 S. Ct. 459, 51 L. Ed. 760; Ex parte Coatz (D. C.) 242 F. 1003; Shapley v. Cohoon (D. C.) 258 F. 752.

The petitioner admits that this is the general rule on the subject, but insists that it is not the proper rule in the case of interstate rendition, where the application for a writ of habeas corpus is first made to a federal court. He points out that there is no decision in the books in which a petition of this

kind has been denied. I have been referred to no such decision, and it is true that the statute gives the federal court authority to pass on the merits of the case, and that in some circuits this is often done. Day v. Keim (C. C. A.) 2 F.(2d) 966. See, also, Austin v. Williams (C. C. A.) 12 F.(2d) 66.

This is not, however, the practice in this district, and the settled opinion of the Supreme Court of the United States, as laid down in the case of Ex parte Royall, supra, seems to indicate that the Massachusetts practice is more consonant with the proper relations between the courts of the state and of the nation than the practice in vogue in other circuits. See Robb v. Connolly, 111 U. S. 624, 4 S. Ct. 544, 28 L. Ed. 542; Cook v. Hart, 146 U. S. 183, 13 S. Ct. 40, 36 L. Ed. 934; Whitten v. Tomlinson, 160 U. S. 231, 16 S. Ct. 297, 40 L. Ed. 406.

The writ is discharged.