### HALL v. PEOPLE OF STATE OF CALIFORNIA.

#### No. 7700.

Circuit Court of Appeals, Ninth Circuit.

Aug. 5, 1935.

Marshall B. Woodworth, of San Francisco, Cal., and S. Luke Howe, of Sacramento, Cal., for appellant.

U. S. Webb, Atty. Gen., and William F. Cleary, Deputy Atty. Gen., for the People of California.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was convicted of the crime of first-degree murder in a superior court of the state of California, and was thereupon sentenced to death and committed to the warden of the state penitentiary for execution of the sentence. On appeal to the Supreme Court of California, the judgment and sentence were affirmed. People v. Hall, 220 Cal. 166, 30 P.(2d) 23, 996. An appeal was then taken to the Supreme Court of the United States, but was dismissed for the want of a properly presented federal question, and for the reason that the decision of the Supreme Court of California was based upon nonfederal grounds adequate to support it. Hall v. California, 292 U. S. 614, 54 S. Ct. 869, 78 L. Ed. 1473. Thereafter appellant filed in the District Court of the United States for the Northern District of California his petition for a writ of habeas corpus, alleging that, in the proceedings had against him in the superior court, he was denied due process of law and deprived of other constitutional rights, and that, therefore, his detention by the warden was in violation of the Constitution and laws of the United States. This appeal is from an order denying the writ and dismissing appellant's petition.

From the petition itself it affirmatively appears that appellant has not applied to any court of the state of California for a writ of habeas corpus. Such a writ is available in that state. Constitution of California, art. 1, § 5; article 6, § 4. Orderly procedure requires that, before a federal court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to what-

ever judicial remedy is afforded by the state. Mooney v. Holohan, 294 U. S. 103, 115, 55 S. Ct. 340, 79 L. Ed. 791; United States ex rel. Kennedy v. Tyler, 269 U. S. 13, 17, 46 S. Ct. 1, 70 L. Ed. 138; Urquhart v. Brown, 205 U. S. 179, 181, 27 S. Ct. 459, 51 L. Ed. 760; United States ex rel. Drury v. Lewis, 200 U. S. 1, 6, 26 S. Ct. 229, 50 L. Ed. 343; Reid v. Jones, 187 U. S. 153, 154, 23 S. Ct. 89, 47 L. Ed. 116; Davis v. Burke, 179 U. S. 399, 401, 21 S. Ct. 210, 45 L. Ed. 249. Exceptional circumstances may, in rare cases, justify a departure from this rule (In re Neagle [Cunningham v. Neagle], 135 U. S. 1, 10 S. Ct. 658, 34 L. Ed. 55; In re Loney [Thomas v. Loney], 134 U. S. 372, 10 S. Ct. 584, 33 L. Ed. 949; Mali v. Keeper of the Common Jail [Wildenhus' Case]. 120 U. S. 1, 7 S. Ct. 385, 30 L. Ed. 565), but no such exceptional circumstances appear in this case.

Order affirmed.