## MARKUSON *v.* BOUCHER.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF NORTH DAKOTA.

No. 77.   Argued and submitted October 27, 1899. —Decided November 20, 1899.

It is again held that judgments of the state courts in criminal cases should
not be reviewed by Federal courts through writs of *habeas corpus,* but
the proper remedy in such case, when it is claimed that some right
under the Constitution of the United States has been denied the person
convicted, is by writ of error.

THE statement of the case is in the opinion.

*Mr. C. D. O'Brien* for appellant submitted on his brief.

*Mr. Edward Winterer* for appellee.

MR. JUSTICE MCKENNA delivered the opinion of the court.

On the 3d of January, 1898, the appellant presented a petition to the United States District Court for the District of
North Dakota for a writ of *habeas corpus.* It alleged that
the petitioner was confined, and had been since the 7th of
December, 1897, in the state penitentiary of North Dakota,
under and in pursuance of a "certain pretended commitment" issued by the district court of the fifth judicial district
of the State, in and for the county of Barnes, upon a "pretended judgment and sentence" of said court in certain proceedings therein instituted on the relation of the assistant
attorney general of the State, and by the terms of said judgment and sentence the petitioner was sentenced to be imprisoned in said state penitentiary for one year.

That petitioner appealed to the Supreme Court of the State,
which court affirmed "in all things the said judgment, conviction and sentence," whereupon he was confined as aforesaid. That the proceedings "were had and carried on" under
and pursuant to the provisions of section 7605 of the Revised
Statutes of the State, and of other statutes of the State.

The petition further alleged that the said statutes violated the fifth and sixth articles of the Amendments of the Constitution of the United States, and article 1 of the Fourteenth Amendment, in that they (the statutes) provide for the charging of a citizen with an infamous crime and compel him to answer and be punished therefor without a presentment and indictment of a grand jury; and deprive in a criminal prosecution the right of a trial by an impartial jury of the State and district wherein the crime was committed, and permit a conviction of one accused of crime without being confronted with the witnesses against him; and operate to abridge the privileges and immunities of citizens of the United States and deprive them of liberty and property without due process of law and the equal protection of the laws, in that they provide that in prosecutions thereunder a conviction for the contempt of court may be had without a trial by jury, whereas in all other criminal prosecutions persons accused are entitled to a jury trial; and further, in that under such proceedings a contempt of court is punishable as an infamous crime, whereas in all other proceedings a contempt of court is punishable as a misdemeanor.

Petitioner further alleged that he was in "straightened circumstances, and without means or power to prosecute a writ of error from the Supreme Court of the State to the Supreme Court of the United States, or to employ counsel to present or argue it there, and is informed and believes if he had such means it could not be brought on for hearing before the expiration of his sentence."

A writ of *habeas corpus* was prayed for and issued. On return and hearing it was discharged, and the petitioner remanded to custody. From the order remanding this appeal was prosecuted, and the petitioner was admitted to bail to await the decision of the appeal.

In the brief of appellant's counsel, and also in that of the attorney general of the State, as well as in oral argument, the constitutional points raised were argued at length. We are not disposed to consider them. We have frequently pronounced against the review by *habeas corpus* of the judg-

ments of the state courts in criminal cases, because some right under the Constitution of the United States was alleged to have been denied the person convicted, and have repeatedly decided the proper remedy was by writ of error.

It is not necessary to review the cases or to repeat or justify their reasoning. We lately stated the rule and the reasons for it in the cases of *Baker* v. *Grice*, 169 U. S. 284, and in *Tinsley* v. *Anderson*, 171 U. S. 101, 104. In the latter, passing on an appeal from judgment dismissing a writ of *habeas corpus*, the Chief Justice said : " The dismissal by the Circuit Court of the United States of its own writ of *habeas corpus* was in accordance with the rule, repeatedly laid down by this court, that the Circuit Courts of the United States, while they have power to grant writs of *habeas corpus* for the purpose of inquiring into the cause of restraint of liberty of any person in custody under the authority of a State in violation of the Constitution, a law or a treaty of the United States, yet, except in cases of peculiar urgency, ought not to exercise that jurisdiction by a discharge of the person in advance of a final determination of his case in the courts of the State, and, even after such final determination, will leave him to his remedy to review it by writ of error from this court. *Ex parte Royall*, 117 U. S. 241 ; *Ex parte Fonda*, 117 U. S. 516 ; *In re Frederick*, 149 U. S. 70 ; *Pepke* v. *Cronan*, 155 U. S. 100 ; *Bergemann* v. *Backer*, 157 U. S. 655 ; *Whitten* v. *Tomlinson*, 160 U. S. 231 ; *Baker* v. *Grice*, 169 U. S. 284."

In *Baker* v. *Grice*, Mr. Justice Peckham said : " Instead of discharging they [the Federal courts] will leave the prisoner to be dealt with by the courts of the State ; that after a final determination of the case by the state court, the Federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the Federal court, upon a writ of *habeas corpus*, be taken out of the custody of the officers of the State and finally discharged therefrom, and thus a trial by the state

courts of an indictment found under the laws of a State be finally prevented."

The jurisdiction is more delicate, the reason against its exercise stronger, when a single judge is invoked to reverse the decision of the highest court of a State in which the constitutional rights of a prisoner could have been claimed and may be were rightly decided, or if not rightly decided, could be reviewed and redressed by a writ of error from this court.

The case at bar presents no circumstances to justify a departure from the rule or to relieve from the application of its reasons. Nor does the question arise what right appellant would have had to petition relief from the District Court if his remedies against' the judgment of the state court had ceased to exist.

*Judgment affirmed.*