## IN THE MATTER OF THE APPLICATION OF C. C. BITTING, for a writ of habeas corpus.

### DECIDED: FEBRUARY 25, 1901.

1. The United States District Court of Hawaii possesses no power on habeas corpus to overrule the judgments of the Territorial Courts of Hawaii unless it clearly appears that the constitutional rights of the citizen are being violated.
2. Upon an application to this Court for a writ of habeas corpus on the ground that petitioner was in custody in violation of the Eighth Amendment to the Constitution of the United States, in that he was suffering "cruel and unusual punishment," where it appeared that petitioner had been sentenced to ten days' imprisonment by the Judge of the First Judicial Circuit Court of the Territory of Hawaii for contempt of court, and at the time of the application for the writ was confined in the Oahu Jail; and where it appeared that the Oahu Jail or Prison has three sections, one for persons serving terms for felonies, another for persons serving terms for misdemeanors, and the third set apart for persons held for trial or detained by the order of court; and it appearing that the petitioner was detained in the third section; and there being nothing to show that petitioner is made to suffer any other or different punishment than the other misdemeanor prisoners; Held, that no "cruel or unusual punishment," as contemplated by the Eighth Amendment to the Constitution of the United States, has been inflicted upon the prisoner. The writ denied.

HABEAS CORPUS.

*George A. Davis* and *J. C. Baird*, appearing for petitioner.
*E. P. Dole*, Attorney General of the Territory, appearing for respondent.

On the 13th day of February, A. D. 1901, C. C. Bitting presented to the Judge of this Court his verified petition, asking that a writ of *habeas corpus* issue in his behalf, claiming that he is a citizen of the United States of America residing in Honolulu, Island of Oahu, Territory of Hawaii; that he was by the Hon. A. S. Humphreys, First Judge of the First Judicial Circuit Court of the Territory of Hawaii, sentenced to be

imprisoned for the term of ten days for contempt of Court. This was also made to appear by a *mittimus* issued out of said First Judicial Circuit Court of the Territory of Hawaii, as follows, to wit:—

"In the Circuit Court, First Circuit of the Territory of Hawaii,
"February Term, 1901.

"THE TERRITORY OF HAWAII.

"To the High Sheriff of the Territory of Hawaii, or his deputy,
"the Sheriff of the Island of Oahu or his deputy.

"C. C. Bitting having been this day adjudged guilty of contempt of Court by the use, this day, in open Court and in the presence of the Court of contemptuous and disrespectful language addressed to the Court in a rude and insolent manner in referring to certain remarks of the Court addressed to the Grand Jury, and by said Court on this day summarily sentenced therefor to be imprisoned for the term of ten (10) days.

"You are hereby ordered to take said C. C. Bitting into your custody, and cause said sentence to be executed. Hereof fail not."

The petitioner claims he is unlawfully imprisoned in the Oahu convict prison under said *mittimus*, and that said imprisonment in the said convict prison was and is illegal and contrary to the Constitution of the United States of America, and he refers the Court to Article Eight of the Amendments to the Constitution of the United States, which reads as follows:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

The Judge of this Court thereupon ordered that a writ of *habeas corpus* issue, which writ was made returnable on the 14th day of February, A. D. 1901, at ten o'clock a. m. The writ was directed to Arthur M. Brown, High Sheriff of the Territory of Hawaii, who held the petitioner in his custody; and on the said 14th day of February, A. D. 1901, in obedience

to said writ, the said Arthur M. Brown, High Sheriff of the Territory of Hawaii, produced the petitioner in Court, and at the same time filed his return to said writ, admitting that he was the High Sheriff of the Territory of Hawaii, and that he was responsible for the imprisonment of the petitioner. He further recited, that on the 13th day of February, 1901, he received the *mittimus* from the Circuit Court of the First Judicial Circuit of the Territory of Hawaii above referred to; and in accordance with said *mittimus* he did on the 13th day of February, 1901, conduct the said petitioner, C. O. Bitting, to the Oahu jail or prison. That the said petitioner was and is confined in the Oahu jail or prison, and not confined in the Oahu convict prison; that there are three separate and distinct portions to the Oahu jail or prison, one portion set apart for persons convicted and serving terms of sentence for felonies; another portion is set apart for persons convicted and serving terms for misdemeanors; another and third portion is set apart for persons held for trial, and persons detained by order of Court. That the petitioner was and is confined in that portion of said jail or prison set apart for the detention of persons held for trial and of persons detained by order of Court. That the facilities for caring for said petitioner were and are better in such portion of said Oahu jail or prison than they are at the police station.

It appears further, that the said petitioner is provided with better comforts and more privileges than he could have in any other prison on the Island of Oahu.

On the argument it was claimed by petitioner that his imprisonment was in violation of Article Eight of the Amendments to the Constitution of the United States, because it was "cruel and unusual" punishment. Webster defines cruelty to mean "An act which causes extreme suffering without good reason. A cruel and barbarous deed, inhuman treatment, etc., etc."

The cruel treatment complained of was that felons are imprisoned in a part of the same prison where the petitioner is detained and that this is in violation of Article Eight of the Amendments to the Constitution of the United States.

High Sheriff Brown was sworn as a witness and the only witness for and on behalf of the petitioner, and testified that "Felons were confined in a part of Oahu Prison, separate and apart from all other prisoners and especially those persons guilty of a misdemeanor and those held under order of Court."

It was admitted by the attorney for the petitioner that he did not complain of the petitioner's treatment but he complained of the petitioner being where he is. The High Sheriff testified further that "the petitioner was given three meals a day, sleeps in the guard room on a cot with a mattress, pillow, blankets, sheets and mosquito net and is allowed the freedom of the upper portion of the Warden's quarters." The single contested fact being, is the petitioner's imprisonment in that prison "cruel and unusual?"

It is doubtless true that the Eighth Amendment to the Constitution of the United States is intended to protect the citizens against excessive bail, excessive fines and cruel punishment. The unusual punishment referred to in the Constitution must mean such punishment as is unusual because of its cruelty or unusual because of the length of the term of such imprisonment. It should be borne in mind that the conditions in the Territory of Hawaii are different from those prevailing in the States. It is not yet nine months since Congress passed the act for the government of this Territory, and there has hardly been time to provide all of the most modern prison appliances; and for this reason alone it would be most extraordinary for a United States Court in this distant land to seek technical reasons to impede the administration of public justice by hurrying to find a constitutional cause for making a general jail delivery of all convicted misdemeants, or to look for technical grounds for overruling the judgments of the Territorial courts in a hearing on *habeas corpus*. Indeed it must be made to clearly appear to the Court that the liberty of the citizen is imperilled before it will so act. And again there are three Justices of the Territorial Supreme Court now in Honolulu, to none of whom has an application been made for relief. The petitioner therefore is not

without his remedy if this Court is in error. It was held by the Supreme Court of the United States in *Markuson v. Boucher*, 175 U. S. 184, that "We have frequently pronounced against the review by *habeas corpus* of the judgments of State Courts in criminal cases because some right under the Constitution of the United States was alleged to have been denied the person convicted." That is what the Court is asked to do in the proceedings at bar.

It is admitted that the Territorial Court had jurisdiction to find petitioner guilty of contempt, but the petitioner wants this Court to regulate the character of his punishment. That is, petitioner seeks for a different imprisonment from what other parties found guilty of misdemeanors are made to suffer. In the Marshall case decided October 23rd, 1900,[1] this Court held "that except in peculiarly urgent cases no United States Circuit or District Court will discharge a prisoner on *habeas corpus* after conviction by the Territorial Court." The Court there referred to the cases of *Pepke v. Cronan*, 155 U. S. 100; *In re Frederich*, 149 U. S. 70; *Whitten v. Tomlinson*, 160 U. S. 231-242.

It was also held in the case of *ex parte Parks*, 93 U. S. 18, that the Court would not consider whether the judgment was erroneous, because if the Court which tried the case had jurisdiction, and if the judgment and proceedings were not void, the Court would not look into the matter farther.

The judgment of the Territorial Court was that the petitioner be imprisoned ten days, and it is the duty of that Court to see its judgments properly enforced. This Court possesses no power to control the judgments of that Court unless it clearly appears the constitutional rights of the citizen are being violated. In point of fact, this case does not seem to be one where "cruel and unusual punishment is imposed upon petitioner." In any event, the judgment of the Territorial Circuit Court is presumed to be right, and what is stated in the *mittimus* must be taken as true. See *ex parte Terry*, 128 U. S. 289. This Court cannot afford a remedy upon the facts presented by attempting to overrule

the Territorial Circuit Court's decision in a proceeding on *habeas corpus.*

The case of *In re Frederich*, 149 U. S. 70, so much relied upon by the attorneys for the peitioner is not relevant, for it does not appear that the Circuit Court of the Territory of Hawaii in this case exceeded its jurisdiction. See also *In re Wood*, 140 U. S. 278. In the last above case the Court says that "while the writ of *habeas corpus* is one of the remedies for the enforcement of the right to personal freedom  *  *  *  it should be cautiously used by Federal Courts in reference to State prisoners. The writ of *habeas corpus* is not a proceeding for the correction of errors."

But under the facts in this case, the petitioner is not entitled to his discharge even if the Court took jurisdiction of this case. It should be noted there is hardly a county in the States on the mainland where felons are not kept in the common jail of the county until after their conviction or acquital, and thus the felons must of necessity come in contact with the other prisoners detained in the same prisons. But this is a matter for the local authorities of this Territory, and unless such authorities clearly disregard the constitutional rights of the citizen or unless there appears to be a case of wanton cruelty, this Court cannot grant a remedy.

It is not claimed that petitioner is made to suffer any other or different punishment than the other misdemeanant prisoners held in this prison. He performs no labor on the streets or elsewhere. He suffers no ignominy not common to all the prisoners in his class. No objection is made to the jurisdiction of the Circuit Court.

In conclusion, the Court is compelled to believe that petitioner's punishment is neither cruel nor unusual and therefore not in conflict with Article Eight of the Amendments to the Constitution of the United States.

Let petitioner be remanded.

(1)   See Ante, *In re Marshall*, P. 34.