In re STONE.

(Circuit Court, N. D. Georgia, N. W. D. June 7, 1902.)

1. FEDERAL COURTS—HABEAS CORPUS—DISCHARGE OF STATE PRISONER.
   It is the settled rule that a federal court will not discharge a prisoner convicted in a state court, by writ of habeas corpus, on the ground that his conviction was in violation of the constitution of the United States, except in cases of emergency where some special reason exists, but will leave him to prosecute his remedy by writ of error.

On Petition for Writ of Habeas Corpus.

R. T. Wright, for petitioner.
J. S. James, for respondent.

NEWMAN, District Judge. The petitioner in this case must be remanded to the custody of the state court. He was convicted in the state court for the offense of peddling without a license, and on conviction he was sentenced to pay a fine of $25, or be imprisoned for three months. He asks to be discharged on habeas corpus, because his conviction was in violation of the interstate commerce clause of the constitution of the United States.

The last case decided by the supreme court of the United States (Minnesota v. Brundage, 180 U. S. 499, 21 Sup. Ct. 455, 45 L. Ed. 640), as well as the preceding cases on the subject, cited in the opinion, are absolutely controlling in this matter. The rule on the subject stated in the case of Minnesota v. Brundage, which is but a reaffirmance of many former decisions, is this:

"But the power of the federal court upon habeas corpus to discharge one held in custody by state officers or tribunals in violation of the constitution of the United States ought not to be exercised in every case immediately upon application being made for the writ. Except in cases of emergency, such as are above defined, the applicant should be required to exhaust such remedies as the state gives to test the question of the legality, under the constitution of the United States, of his detention in custody."

In a former case of Markuson v. Boucher, 175 U. S. 184, 20 Sup. Ct. 76, 44 L. Ed. 124, the syllabus is:

"It is again held that judgments of the state courts in criminal cases should not be reviewed by federal courts through writs of habeas corpus, but the proper remedy in such case, when it is claimed that some right under the constitution of the United States has been denied the person convicted, is by writ of error."

It is thereupon ordered that the petitioner, A. S. Stone, be remanded to the custody of the sheriff of Polk county.

---

¶ 1. See Habeas Corpus, vol. 25, Cent. Dig. § 44.
Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.