## UNITED STATES ex rel. MORAN v. HILL, Warden.

### No. 4705.

Circuit Court of Appeals, Seventh Circuit.
Feb. 15, 1932.

Rehearing Denied March 7, 1932.

Eugene McCaffrey and Jay J. McCarthy, both of Chicago, Ill., for appellant.

Wm. C. Clausen, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

Appellant challenges the correctness of the ruling of the District Court denying his petition for a 'writ of habeas corpus.

The facts, briefly stated, are: Appellant was indicted in the criminal court of Cook county, Ill., in the month of June, 1917, for robbery while armed with a dangerous weapon. He entered a plea of not guilty, trial was had, and on the 31st day of July, 1918, a verdict of guilty was returned by the jury. A mittimus was issued by the clerk of the criminal court, and appellant was, on the 1st day of October, 1918, committed to the Illinois State Penitentiary at Joliet, Ill., where he has since been confined. The mittimus directed that appellant be delivered to such institution and there confined until discharged according to law.

Appellant's petition charged that at the time the verdict of guilty was returned, no sentence was imposed by the court, no judgment rendered upon the verdict, and that he was never again brought before the court and that, not having been sentenced, and judgment never having been rendered upon the verdict, he was and is deprived of his liberty in violation of the Constitution of the United States. To this petition appellee filed a return, setting forth a true and certified copy of the mittimus issued by the clerk of the criminal court of Cook county, Ill., which recited that appellant had been duly convicted, adjudged guilty of robbery with a gun, etc., *and sentenced to the State Penitentiary at Joliet.* The mittimus contained the same general case number of the criminal court as the indictment under which appellant was tried and convicted. To this return appellant filed a denial, under oath. Upon final hearing by the court, the petition was denied, and appellant remanded to the custody of the appellee.

Before filing his petition for a writ of habeas corpus in the District Court, appellant did, on the 10th day of February, 1930, file in the criminal court of Cook county, Ill., a petition and motion under section 89 of the Practice Act of the State of Illinois, and a short time thereafter filed a supplemental petition in the same court asking that the judgment entered against him in the case be va-

cated. Section 89 of the Practice Act (Smith-Hurd Rev. St. 1929, c. 110, p. 2187) provides: "The writ of error coram nobis is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice." A hearing was had upon this petition in the criminal court, and the same was denied. A writ of error was sued out of the Supreme Court of the State of Illinois, and the decision of the lower court was affirmed, the Supreme Court holding that the position of appellant was somewhat inconsistent in that he was asserting in his petition that no judgment was rendered upon the verdict, and yet, by the same petition, he sought to have the judgment set aside and vacated. The Supreme Court concluded that "the writ of error was properly denied because the section of the statute under which the petition was filed and the motion made did not authorize the proceeding to be conducted under section 89 of the statute." People v. Moran, 342 Ill. 478, 174 N. E. 532, 534.

That the proceedings in the criminal court were regular in every respect, up to and including the return of the verdict of guilty by the jury, is conceded by appellant. The court trying the case had jurisdiction of the person and of the subject-matter. The mittimus issued by the clerk of the criminal court is sufficient in form and substance, under the laws of the state of Illinois.

At the hearing, the District Court refused to permit appellant to impeach the return of appellee by introducing in evidence the record of the proceedings in the criminal court.

We think that if appellant has any ground for redress, it cannot be obtained in a petition for habeas corpus addressed to a federal court. Frank v. Mangum, Sheriff, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Tinsley v. Anderson, 171 U. S. 101, 18 S. Ct. 805, 43 L. Ed. 91; United States ex rel. Kennedy v. Tyler, Sheriff, 269 U. S. 13, 46 S. Ct. 1, 70 L. Ed. 138.

Appellant was committed under authority of a mittimus regularly issued by the officer having authority to issue the same, and any irregularities or errors must be corrected by appeal, and not by habeas corpus.

The judgment is affirmed.