**STEPHENSON v. DALY, Warden.**

No. 331.

District Court, N. D. Indiana, South Bend Division.

Dec. 5, 1932.

Jenkines, Parker & Brown, of Gary, Ind., for petitioner.

James M. Ogden, Atty. Gen., Harry Taylor, Asst. Atty. Gen., and Joseph W. Hutchinson and V. Ed Funk, Deputy Attys. Gen., for respondent.

SLICK, District Judge.

Petitioner, David C. Stephenson, brings this action praying discharge from the custody of the warden of the Indiana State Prison, and alleging that he is unlawfully restrained of his liberty, and assigning numerous alleged reasons why his restraint is illegal. He complains of alleged errors committed in the trial of his case in the Hamilton circuit court, and, among other things, alleges that the Hamilton circuit court was without jurisdiction, charging: First, that jurisdiction was lacking; and, second, that jurisdiction was lost because of certain actions constituting mob violence.

The petition contains many allegations that are not pertinent or material, such as the charge that the indictment on which the petitioner was tried is duplicitous and uncertain; that the evidence was not sufficient to sustain a conviction; that petitioner's restraint of his liberty is in violation of the provisions of the Constitution of the State of Indiana; and numerous other similar charges.

Respondent has addressed a motion to strike out these redundant allegations, and petitioner challenges the propriety of this motion to strike. The motion to strike is overruled, not because it is improper, but for the reason that it is not necessary to strike these irrelevant charges for even though they are permitted to remain in the petition, they will be disregarded.

Respondent then addressed a motion to dismiss the petition which is in the nature of a demurrer and will be considered as such. If a state court having jurisdiction to try a criminal cause enters upon the trial thereof and commits error during the trial, the proper remedy is an appeal to the highest jurisdictional tribunal of the state having jurisdiction to review (in this case the state Supreme Court), and thence by writ of error to the Supreme Court of the United States provided the judgment of the state court denied a right, privilege, or immunity secured to the accused by the Federal Constitution. Mere error during the conduct of the trial should not be made the foundation of jurisdiction in a federal court to review the state court proceedings under and by virtue of a writ of habeas corpus. Andrews v. Swartz, 156 U. S. 272, 15 S. Ct. 389, 39 L. Ed. 422; Reid v. Jones, 187 U. S. 153, 23 St. Ct. 89, 47 L. Ed. 116.

It affirmatively appears from the verified petition and exhibits filed therewith that the petitioner has now pending in the Supreme Court of the State of Indiana two applications for writs of error coram nobis, one filed in the original appeal and one filed as an independent action. One of these petitions for writ of error coram nobis was filed in the Supreme Court, according to the petition herein, as late as March 12, 1932. In both petitions for writ of error coram nobis, petitioner alleges failure of jurisdiction in the trial court based on excitement, unfriendly crowds, demonstrations, noise, and confusion in the courtroom during his trial, all as a result of a widespread conspiracy on the part of his enemies to implicate and convict him of a crime of which he was not guilty. The charges in these applications for writs of error coram nobis are identical with the charges in the petition filed herein.

■ Petitioner argues that his appeal has been pending before the Supreme Court of the State of Indiana for more than six years, it having been decided adversely to petitioner January 19, 1932, Stephenson v. State, 179 N. E. 633, and that the very fact that there was long delay in deciding the main case on appeal justifies the inference that the decisions by the same court on his applications for writs of error coram nobis will be unreasonably delayed.

It is the duty of the Supreme Court of the State of Indiana to hear and decide these petitions for writs of error coram nobis without unreasonable delay, having in mind the seriousness of the charges, the rights of the defendant (the petitioner herein), and the condition of its own docket. It would most certainly be presumptuous on the part of this court to hold that the Supreme Court, recognizing its high duty in these regards, will not proceed in an orderly manner and as speedily as may be consistent with the due administration of justice to hear and determine said petitions.

■ The writ of error coram nobis is recognized by the courts of Indiana as a proper corrective proceeding to obtain relief where conviction for crime has resulted from mob violence or from fraud. Sanders v. State, 85 Ind. 318, 44 Am. Rep. 29; Trattner v. State, 185 Ind. 189, 113 N. E. 243; Rhodes v. State, 199 Ind. 183, 156 N. E. 389. And the Indiana decisions hold that such proceeding may be filed in the Supreme Court as a part of the appeal or as an independent action.

When these petitions have been decided, the petitioner, if the decisions are adverse to him, will have the right to carry his case on appeal to the Supreme Court of the United States on any question involving his rights under the Federal Constitution, and should he prevail there, his cause would, without doubt, be remanded to the state courts for further proceedings.

If this court should hear and determine these questions in this habeas corpus proceeding, the only order that could be entered would be to either discharge or remand petitioner. This is not the function of this court or of the extraordinary remedy here sought.

In Baker v. Grice, 169 U. S. 284, 18 S. Ct. 323, 326, 42 L. Ed. 748, Mr. Justice Peck-ham, speaking to this point, said: "It is an exceedingly delicate jurisdiction given to the federal courts, by which a person under an indictment in a state court, and subject to its laws, may, by the decision of a single judge of the federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom, and thus a trial by the state courts of an indictment found under the laws of a state be finally prevented." And in Markuson v. Boucher, 175 U. S. 184, 20 S. Ct. 76, 77, 44 L. Ed. 124, Mr. Justice McKenna, addressing himself to the same subject, said: "The jurisdiction is more delicate, the reason against its exercise stronger, when a single judge is invoked to reverse the decision of the highest court of a state in which the constitutional rights of a prisoner could have been claimed and maybe were rightly decided, or, if not rightly decided, could be reviewed and redressed by a writ of error from this [the Supreme] court." Baker v. Grice, supra, Markuson v. Boucher, supra.

With these fundamental principles of law in mind, this court can only reiterate what was said by it in a former habeas corpus proceeding brought by this same petitioner:

"The question whether a state is depriving a prisoner of his liberty without due process of law, where the offense charged against him is under a law that does not violate the federal Constitution, cannot ordinarily be determined fairly to the state until after the end of the litigation in the state courts.

"Errors of law, no matter how serious they may be, committed by a trial court in the exercise of its jurisdiction, will not be reviewed in habeas corpus proceedings.

"Criminal prosecutions in the courts of a state under a law not repugnant to the Constitution of the United States, conducted according to a settled course of procedure under the state law including notice and hearing, or an opportunity to the defendant to be heard, and in a court of competent jurisdiction, is due process of law." Stephenson v. Daly (D. C.) 21 F.(2d) 625, 627.

The motion to dismiss the petition is sustained, and petitioner is granted an exception.