**Ex parte NOVOTNY.**

**NOVOTNY v. RAGEN.**

**No. 6044.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 22, 1937.

Rehearing Denied Feb. 23, 1937.

John S. Miller, of Chicago, Ill., for appellant.

Otto Kerner, Atty. Gen. (George S. Lavin, of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

This appeal seeks to restore to appellant his freedom through reversal of the District Court's order quashing a writ of habeas corpus. He has been imprisoned since January, 1931, on an indeterminate sentence of from one to ten years, entered in the Illinois state court on December 29, 1930, upon a jury's verdict of guilt under an indictment which charged him with obtaining money by means of a confidence game.

Appellant has been a lawyer for nearly twenty-five years. His petition discloses his representation of an association in the making of loans. In his petition he asserts that in the course of one such loan he received $89.17 from the complainant in the criminal prosecution. This sum was immediately turned over to the association, so he says, for use in payment of taxes on the property to be given as security. The attempted loan did not materialize, but no refund of the sum was made. This transaction furnished the basis of appellant's prosecution, resulting in acquittal, in the Municipal Court. He was thereafter indicted for the charge on which he is now imprisoned, that of a "confidence game." His petition states that four terms elapsed between arrest and the commencement of trial despite his repeated demands for early trial. He was neither furnished nor shown a copy of the indictment. He had no counsel, although at the time of trial an assistant public defender attempted, in the midst of numerous other activities, to aid him, but he had no consultation with him before trial. The state court submitted the "confidence" count to the jury and directed a verdict on the other two charges. He instructed them that they were judges of both law and fact. The verdict was of guilt. Appellant did not ap-

peal the judgment of conviction because, of his impoverished condition and inadequate counsel and insufficient time. He later sought habeas corpus in the Illinois Supreme Court, but was denied relief.

The history of appellant's case is as follows:

> December 19, 1930, trial started;
>
> December 29, 1930, judgment sentencing him from one to ten years;
>
> January 29, 1931, taken into custody;
>
> December 28, 1932, paroled, but gained freedom on May 10, 1933;
>
> June 5, 1933, reported while on parole;
>
> July 6, 1933, returned to prison;
>
> September 27, 1933, informed that he was a violator of parole;
>
> May 31, 1934, questioned and his imprisonment continued indefinitely;
>
> October 23, 1935, Federal District Judge ordered dismissal of writ of habeas corpus;
>
> February 5, 1936, Federal District Judge denied motion to vacate order of dismissal.

The bases for the contention of illegal incarceration under the state and Federal Constitutions (resulting in a right to a writ of habeas corpus) are:

(1) Double jeopardy—previous acquittal of same charge in Municipal Court;

(2) Denial of counsel—in effect, of inadequate aid by public defender in criminal trial, and lack of opportunity to consult counsel in habeas corpus case;

(3) Never furnished copy of indictment;

(4) Erroneous instruction given jurors that they were judges of the law;

(5) Cruel and unusual punishment—expiration of normal incarceration for indeterminate sentence; no legal hearing on revocation of parole;

(6) Trial not held within four terms after arrest although trial was demanded.

Appellant's petition alleges most earnestly many facts relative to his being "railroaded" to the penitentiary and his subsequent long detention there, which, if true, are persuasive and appealing. It is his plea that he is the victim of political and gangster animosity and intrigue, even to the extent of having been shot and wounded by a gunman while he was in the custody of a United States marshal in this courthouse. His subsequent condition, weakened by the wound, harsh treatment, and impoverishment—all prevented an able or adequate pursuit of his legal rights. Appellant attempts to substantiate his contention that he is hounded by unlawful methods by pointing out that although his sentence was for from one to ten years and the trial judge said he would recommend parole in a year, yet it was not until after two years elapsed that he was freed on parole. Two months later he was reimprisoned without any formalities of revocation of parole, and his case is now continued indefinitely, although he asserts the time which ordinarily would have to be served under such sentence has expired. He is now serving his fifth year for having defrauded a complainant of $89.

We have carefully read the various documents presented by appellant. Although he has sworn to their veracity there is no record of the state court proceeding, and we are unable to ascertain the verity of these allegations which are in the nature of pleader's conclusions. Appellee has not seen fit to dispute any assertion appellant makes, but relies solely on legal defenses. In brief, it is appellee's contention that the office of the writ of habeas corpus is not to give to the Federal Court the power to review a state court conviction,[1] but

---

[1] Re Savin, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150; Ex parte Siebold, 100 U.S. 371, 25 L.Ed. 717; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Markuson v. Boucher, 175 U.S. 184, 20 S.Ct. 76, 44 L.Ed. 124; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L. Ed. 760; Reid v. Jones, 187 U.S. 153, 23 S.Ct. 89, 47 L.Ed. 116; Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L. Ed. 422; Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; Storti v. Massachusetts, 183 U.S. 138, 22 S.Ct. 72, 46 L. Ed. 120; Whitten v. Tomlinson, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406; In re Frederich, 149 U.S. 70, 13 S.Ct. 793, 37 L.Ed. 653; Pepke v. Cronan, 155 U.S. 100, 15 S.Ct. 34, 39 L.Ed. 84; Duncan v. McCall, 139 U.S. 449, 11 S.Ct. 573, 35 L. Ed. 219; Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070; Davis v. Burke, 179 U.S. 399, 21 S.Ct. 210, 45 L.Ed. 249; Wood v. Brush, 140 U.S. 278, 11 S.Ct. 738, 35 L.Ed. 505; Ex parte Spencer, 228 U.S. 652, 33 S.Ct. 709, 57 L.Ed. 1010.

74

that the accused's remedy by appeal to state courts, etc., should first be exhausted.[2]

There are few doctrines of law better settled than the one that the writ of habeas corpus will not serve the place of an appeal. It is also true that when a judgment is rendered by a court under an unconstitutional law or in contravention of law so that the resulting judgment is void, a writ of habeas corpus is proper to secure the release of the improperly incarcerated person.

Our difficulty arises from the fact that we are unable from the petition and other documents to ascertain the verity of the allegations upon which depends the attack on the judgment. For example, we are unable to ascertain whether the indictment and the evidence presented in the Municipal Court of Chicago was for the identical offense for which appellant was later indicted, tried, convicted, and sentenced. Appellant so alleges but neither record is before us.

Appellant contends that he was illegally tried because, despite written and oral demands for early trial, he was not tried within four months of the date of arrest. Section 382, c. 37, Smith-Hurd Ill.Stats., provides:

"* * * Any person committed for a criminal or supposed criminal offense and not admitted to bail and not tried within four months after the date of arrest, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the people and that there is reasonable grounds to believe that such evidence may be procured within the next sixty days, * * * Provided, however, that if said person be not tried within said sixty days no further continuance shall be granted and said person shall be set at liberty by the court."

This point is not discussed by appellee. Although we accept appellant's statement that four months did elapse, and that he did repeatedly in writing and orally request an early trial, we cannot on these facts alone find that the court which tried him was without jurisdiction. That statute's phrasing—"unless the court is satisfied * * * that there is reasonable grounds to believe"—shows that the state trial court's discretion is involved. We have no facts before us bearing on the necessity of delay to investigate and produce evidence in open court, nor is there any record to establish who caused the delay. Assertions cannot be accepted as proof.

Most of appellant's charges upon which error is predicated concern the conduct of the trial—erroneous instruction, failure to furnish a copy of indictment, denial of adequate counsel, etc. These are matters which this court, irrespective of any and all rules concerning the scope of the writ of habeas corpus, is unable to review and correct. These matters are peculiarly within the province of the court before whom the case was tried, and, upon its error, within the jurisdiction of the appellate court which may direct a reversal and remand for a new trial. Even though we should go so far as to concede that the instant case was one where appellant's cry for freedom is well founded and should be recognized, there can be no exception to the wise and sound rule that the place to grant such relief and to remedy trial errors committed in a criminal case in a state court is in the appellate state court which has the record before it and the jurisdiction to remand with directions. It surely is not for another—a Federal judicial tribunal which has no means of ascertaining the facts upon which error is based, nor should any court attempt to make the writ of habeas corpus serve as a substitute for a writ of error. Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070 (See cases cited [2]).

[2] Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538; Benson v. McMahon, 127 U.S. 457, 8 S. Ct. 1240, 32 L.Ed. 234; Davis v. Beason, 133 U.S. 333, 10 S.Ct. 299, 33 L.Ed. 637; In re Lane, 135 U.S. 443, 10 S.Ct. 760, 34 L.Ed. 219; Fernandez v. Phillips, 268 U. S. 311, 45 S.Ct. 541, 69 L.Ed. 970; In re Lincoln, 202 U.S. 178, 26 S.Ct. 602, 50 L.Ed. 984; Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; Goodman v. Kunkle (C.C.A.) 72 F.(2d) 334; U. S. ex rel. Moran v. Hill (C.C.A.) 56 F. (2d) 146; Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; Capone v. Aderhold (C.C.A.) 65 F.(2d) 130; Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Reid v. Jones, 187 U.S. 153, 23 S.Ct. 89, 47 L.Ed. 116; Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L. Ed. 1070; Craig v. Hecht, 263 U.S. 255, 44 S.Ct. 103, 68 L.Ed. 293; Ex parte Spencer, 228 U.S. 652, at page 663, 33 S. Ct. 709, 57 L.Ed. 1010.

Adherence to regular judicial procedure is imperative if we are to maintain orderly justice.

We have not found an assignment of error which this, a Federal court, can review on appellant's application for a writ of habeas corpus for two reasons: (a) There is no way of ascertaining the facts upon which asserted errors are predicated; (b) the asserted errors committed by the state trial court are not reviewable by a Federal court on habeas corpus proceedings.

The orders are

Affirmed.