**Ex parte STONEFIELD.**

No. 192.

District Court, W. D. Kentucky.

Jan. 16, 1941.

Thomas W. Hardesty and Lawrence Gammon, both of Newport, Ky., for petitioner.

---

[1] No opinion for publication.

William Hayes, Asst. Atty. Gen., for the Commonwealth of Kentucky.

MILLER, District Judge.

The petitioner Roy Stonefield has applied for a writ of habeas corpus and that cause be shown why he should not be released from confinement in the Kentucky State Penitentiary at Eddyville, Kentucky, to which institution he was committed following a judgment of the Campbell Circuit Court of Kentucky.

The petitioner was arrested and placed in the county jail on December 18, 1937, for violation of Sections 1159 and 1159a of the Kentucky Statutes dealing with armed robbery. He was indicted by the Grand Jury of the county on February 17, 1938. He was arraigned and pleaded not guilty on the same date and his trial set for March 31, 1938. On March 31st the case was continued until April 1, 1938, at which time it was tried and the jury returned a verdict of guilty. He received a sentence of life imprisonment. He remained in jail from the time of his arrest on December 18, 1937, to the time of his conviction. At the time of his arraignment on February 17, 1938, he asked the Court to appoint counsel for him due to his financial inability to employ counsel himself, but the Court did not appoint such counsel until the afternoon of March 30, 1938. The counsel appointed by the Court had an hour's conference with the petitioner at the jail in the late afternoon of March 30th, at which time the petitioner told the attorney to contact his wife in Cincinnati who could locate other witnesses for him. The attorney contacted the petitioner's wife late that night but was not able to have either the wife or other witnesses in Court on the morning of March 31st. A motion for continuance was granted over the protest of the Commonwealth Attorney and the case continued 24 hours to April 1st. The two witnesses whom petitioner had in mind had moved from the city and could not be located in time to testify at the trial on April 1st. On April 1st petitioner's counsel again moved for a continuance which motion the Court overruled, and the case went to trial with the resulting verdict of guilty. The two witnesses who were not present at the trial testified in the present proceeding that they were present with the petitioner at the home of his mother at the time when the robbery took place. The testimony at the trial was taken in short-hand by the official stenographer, who was instructed following the verdict and judgment to prepare a transcript. The transcript was never written up as the court stenographer shortly thereafter died and her notes were not found. Motion and grounds for a new trial were filed and overruled. On June 6, 1938, an order was entered giving the petitioner an extension of 60 days from the expiration of the original 60 days for the filing of the bill of exceptions. On July 27, 1938, an agreed order was filed giving defendant "additional time in which to prepare and file Bill of Exceptions." The record was filed in the Clerk's Office of the Court of Appeals of Kentucky on July 29, 1938. The bill of exceptions was never approved by the trial Judge or filed with the Clerk of the Court of Appeals. The petitioner contends that he tendered a bystander's bill of exceptions to the trial court which the trial court refused to approve. This contention is denied by the trial Judge. On May 9, 1939, a motion was filed in the Court of Appeals of Kentucky to require the trial Judge to sign the tendered bill of exceptions which motion was overruled on the ground that the proper way to secure the approval of the tendered bill of exceptions was by writ of mandamus under Section 110 of the Kentucky Constitution and not by motion filed in the case itself. Thereafter the Attorney General of Kentucky moved the Court to dismiss the appeal. This motion was overruled and instead the Court of Appeals considered the sufficiency of the indictment and affirmed the judgment on April 26, 1940. In the absence of the bill of exceptions the Court was unable to review the evidence or to consider the instructions of the trial Judge. The case is reported in Stonefield v. Com., 282 Ky. 692, 139 S.W. 2d 752.

The petitioner contends that the judgment of conviction is void and that he is being illegally confined by reason thereof because (1) he was deprived of adequate time in which to make defense, and that the appointment of counsel by the Court less than 48 hours before the trial and refusing motion for a continuance made the proceedings without due process of law, and deprived the petitioner of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States, and (2) that the failure of the Court of Appeals of Kentucky to consider the bill of exceptions alleged to have been

tendered by him but which was never made a part of the record prevented him from having his trial properly reviewed on appeal and deprived him of his constitutional rights under the Fourteenth Amendment of the Constitution of the United States.

■ Jurisdiction to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty when a prisoner is in custody in violation of the Constitution of the United States, or of a law or treaty of the United States, is conferred upon the United States District Court by Title 28 U.S.C.A. §§ 452 and 453. But, "the rule has been firmly established by repeated decisions of this court that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but it is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. Ex parte Royall, 117 U.S. 241, 250-253, 6 S. Ct. 734, 29 L.Ed. 868; In re Wood [v. Brush,] 140 U.S. 278, 289, 11 S.Ct. 738, 35 L.Ed. 505; In re Frederich, 149 U.S. 70, 77, 78, 13 S.Ct. 793, 37 L.Ed. 653; [People of State of] New York v. Eno, 155 U.S. 89, 98, 15 S.Ct. 30, 39 L.Ed. 80; Whitten v. Tomlinson, 160 U.S. 231, 240-242, 16 S. Ct. 297, 40 L.Ed. 406; Baker v. Grice, 169 U.S. 284, 290, 18 S.Ct. 323, 42 L.Ed. 748; Tinsley v. Anderson, 171 U.S. 101, 104, 105, 18 S.Ct. 805, 43 L.Ed. 91; Davis v. Burke, 179 U.S. 399, 401-403, 21 S.Ct. 210, 45 L.Ed. 249; Riggins v. United States, 199 U.S. 547, 549, 26 S.Ct. 147, 50 L.Ed. 303; [United States ex rel.] Drury v. Lewis, 200 U.S. 1, 6, 26 S.Ct. 229, 50 L.Ed. 343; Glasgow v. Moyer, 225 U.S. 420, 428, 32 S.Ct. 753, 56 L.Ed. 1147; Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L. Ed. 497." See United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138. As a result of that rule it has been held many times that orderly procedure requires that before a United States District Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy is afforded by the state. Baker v. Grice, 169

U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Mooney v. Hollohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Milliken v. McCauley, 9 Cir., 93 F.2d 645; Ex parte Hicks, 9 Cir., 98 F.2d 116; Cunningham v. Skiriotes, 5 Cir., 101 F.2d 635; United States v. House, 9 Cir., 110 F.2d 797. Although, in the present case, an appeal was technically taken to the Court of Appeals of Kentucky, it was in reality no appeal as the question which is now complained of was not presented by those proceedings, although it could have been presented by proper proceedings. On that basis alone we feel that petitioner's failure to have his matter reviewed by the Kentucky Court of Appeals is fatal to his petition in this action.

■ In cases where an appeal has been taken to the State Court of last resort, it is the further rule that unless there are exceptional circumstances which justify or require the issuance of a writ by a lower Federal Court, the petitioner should be required to have the State Court judgment reviewed through proper proceedings by the Supreme Court of the United States. Such exceptional cases are those of great urgency that require a prompt decision such as cases "involving the authority and operations of the general government, or the obligations of this country to, or its relations with, foreign nations." Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 460, 51 L.Ed. 760; Markuson v. Boucher, 175 U.S. 184, 20 S.Ct. 76, 44 L.Ed. 124; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; Ex parte Jefferson, 9 Cir., 106 F.2d 471. The reason for the rule is sound in that the jurisdiction of a Federal Court is a very delicate one by which a single Judge upon a writ of habeas corpus may reverse the decision of the highest court of the State in which the constitutional rights of a prisoner could have been claimed and maybe were rightly decided, or even if wrongfully decided could be reviewed and redressed by the Supreme Court of the United States. As was said in Woolsey v. Best, supra, "it is well established that the writ of habeas corpus cannot be used as a writ of error. * * * The judgment of conviction was not subject to collateral attack."

In the case at bar the petitioner had the opportunity to present to the Court of Ap-

peals of Kentucky his contentions that the actions of the trial Judge deprived him of his constitutional rights. The way was open to him to have the entire record reviewed. The machinery was provided and existed under the laws of the State of Kentucky for having these questions presented to and passed upon by its Court of Appeals, and in the event of a decision adverse to the petitioner there was also existing the possibility of a further review by the Supreme Court of the United States. This constituted the due process of law of which petitioner now complains he was deprived. Petitioner failed to take advantage of these rights. It was his own fault that he did not have included in the record the tendered bill of exceptions. The Court of Appeals of Kentucky pointed out to him the proper way in which to secure this important part of the record on appeal, but this advice was not heeded. We do not believe that having failed to avail himself of the remedies which were open to him in the Courts of Kentucky and in the Supreme Court of the United States, that the petitioner now has any right to have the matter considered at a later date by a Federal Court, and thus require the Federal Courts to review his case instead of having it reviewed in the State Court where it originated.

■ We recognize the ruling of the Supreme Court in the case of Johnson v. Zerbst, Warden, 304 U.S. 458, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, which held that the question of whether or not the petitioner was deprived of his constitutional rights to assistance of counsel in the trial of a criminal case could be determined in habeas corpus proceeding filed in the United States District Court. However, that decision had under consideration the Sixth Amendment to the Constitution, which specifically guarantees to defendants in the Federal Courts the right "to have the Assistance of Counsel for his defence." In the present case we are not considering that amendment as the conviction was the result of a State court proceeding, and the alleged constitutional right involved is under the due process clause of the Fourteenth Amendment. The real effect of the decision in Johnson v. Zerbst was to hold that the right to have assistance of counsel under the Sixth Amendment was "an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty." After giving it that

construction the Court applied the long established rule that in habeas corpus proceedings to review convictions in Federal Courts "the scope of review * * * is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged. Ex parte Siebold, 100 U.S. 371, 375, 25 L.Ed. 717; Ex parte Bigelow, 113 U.S. 328, 331, 5 S.Ct. 542, 544, 28. L.Ed. 1005; Matter of Gregory, 219 U.S. 210, 213, 31 S.Ct. 143, 55 L.Ed. 184; Glasgow v. Moyer, 225 U.S. 420, 429, 32 S.Ct. 753, 756, 56 L.Ed. 1147; Knewel v. Egan, 268 U.S. 442, 445, 45 S.Ct. 522, 524, 69 L.Ed. 1036." See Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 444, 83 L.Ed. 455. This decision is restricted to Federal Court convictions, and did not attempt to overrule the numerous prior decisions of the Supreme Court, cited in the first part of this opinion, holding that all constitutional questions presented in a State Court proceeding should be disposed of on review by the Supreme Court in that case, instead of by writ of habeas corpus. The question is not even discussed in the opinion. This exact question—denial of counsel in a State Court conviction—was raised by a habeas corpus proceeding in Ex parte Novotny, 7 Cir., 88 F.2d 72, 74, and rejected by that Court, which said

"Most of appellant's charges upon which error is predicated concern the conduct of the trial—erroneous instruction, failure to furnish a copy of indictment, denial of adequate counsel, etc. These are matters which this court, irrespective of any and all rules concerning the scope of the writ of habeas corpus, is unable to review and correct. These matters are peculiarly within the province of the court before whom the case was tried, and, upon its error, within the jurisdiction of the appellate court which may direct a reversal and remand for a new trial."

We have also considered the fact that possible lack of funds to take an appeal or to employ counsel, realization of the hopelessness of his cause in any further proceedings in the State Court action, lapse of time, or other conditions may be the reason why no review by the Supreme Court has been asked in the State Court action. But reasons for not proceeding further do not dispense with the necessity of so proceeding. Markuson v. Boucher, supra, 175 U.S. 184, 20 S.Ct. 76, 44 L.Ed. 124; United States ex rel. v. Tyler, supra, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138; Ex parte Melen-

deż, supra, 9 Cir., 98 F.2d 791; McLeod v. Majors, 5 Cir., 102 F.2d 128; Ex parte Novotny, supra, 7 Cir., 88 F.2d 72.

Petitioner relies strongly upon the case of Jones v. Commonwealth of Kentucky, 6 Cir., 97 F.2d 335, in which the petitioner was discharged from custody under a State Court judgment in a habeas corpus proceeding, although no appeal was taken to the Supreme Court in the State Court proceedings. The Court held as one of its two grounds that the constitutional right of the petitioner to be heard by counsel as a necessary requisite of due process of law had not been preserved to him. It is closely in point. It differs from the present case, however, in that all State Court remedies had been exhausted including petitions for a writ of habeas corpus and a writ of coram nobis, and an appeal to the Court of Appeals which presented the question in issue; none of which are present in this case. In addition the question of the necessity of a review by the Supreme Court was not raised or discussed, and the fact that the petitioner in that case was under a death sentence, which had been temporarily stayed, no doubt presented the exceptional circumstances referred to in opinions previously cited, justifying prompt action by a lower Federal Court. Its existence, however, justifies the issuance of a certificate of probable cause for an appeal, as provided by Section 466, Title 28 U.S.C.A.

Judgment will be entered denying the writ, with issuance of certificate of probable cause for an appeal.