Luana Hall HAIG and Arthur Adalid, Petitioners,

v.

WEBER COUNTY, State of Utah, and Edward Ryan, Weber County Sheriff, Respondents.

No. NC 78–0064.

United States District Court, D. Utah, N. D.

Nov. 7, 1978.

Arthur M. Schwartz, P. C., Neil E. Ayervais, Denver, Colo., Stephen R. McCaughey, Salt Lake City, Utah, for petitioners.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Deputy Atty. Gen., Paul E. Reimann, Asst. Atty. Gen., Salt Lake City, Utah, for respondents.

888

## ORDER DISMISSING PETITION FOR HABEAS CORPUS

ALDON J. ANDERSON, Chief Judge.

Petitioners were convicted of distributing pornographic material in violation of Utah Code Ann. § 76–10–1204 (Supp.1977—Criminal Code). Their sole defense appears to have been that the statute under which they were convicted is unconstitutional. On appeal to the Utah Supreme Court their convictions were affirmed April 12, 1978. *State v. Haig*, 578 P.2d 837 (Utah 1978). Shortly thereafter, the United States Supreme Court held that it is unconstitutional to include children as part of the relevant community in determining community standards as to obscenity. *Pinkus v. United States*, 436 U.S. 293, 98 S.Ct. 1808, 56 L.Ed.2d 293 (1978). Petitioners were entitled to review of their convictions by direct appeal to the United States Supreme Court. 28 U.S.C. § 1257(2). However, they apparently failed to appeal within the ninety-day period prescribed by Rule 11 of the Rules of the Supreme Court. On August 3, 1978, about three weeks after the expiration of the ninety-day period, petitioners filed the present petition for habeas corpus.

Among other grounds, petitioners seek habeas corpus relief on the grounds that their convictions violated the First Amendment as construed in *Pinkus*. This contention has not been presented to the state courts as required by 28 U.S.C. § 2254(b). Petitioners contend:

> To require petitioners to exhaust first the state habeas corpus remedy would be an exercise in futility. There is no reason to presume the result in Second District Court or the Supreme Court of Utah would be any different from that already produced.

Memorandum in Support of Petition for Writ of Habeas Corpus at 10. With this meager assertion petitioners seek to excuse themselves from pursuing their state habeas corpus remedy under Rule 65B(i), Utah Rules of Civil Procedure. The present case is indistinguishable from *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir. 1975), in which the court held:

Before this Court petitioner contends for the first time that his consecutive sentences should be vacated due to the recent holding in *State v. Baker*, 524 S.W.2d 122 (Mo.1975) declaring unconstitutional the statute under which they were imposed. This holding, however, post-dated the state proceedings and the decision of the District Court.

Prior to seeking relief in the federal courts, petitioner is required to present the newly created claim in the state courts.

■ Petitioners' contention that it would be futile to exhaust their state remedies is without factual support in the record. The court in *Eaton* rejected a similar argument:

> We cannot say upon this record, however, that further resort to the courts of Missouri . . . would be futile. Petitioner's arguments based upon his past court experience fail to take into account that the state courts have not as yet been properly presented with a full and fair opportunity to pass on the merits of his specific claims for relief. Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile.

*Id.* For these reasons, the present petition should be dismissed for failure to comply with 28 U.S.C. § 2254(b).

An additional defect in the present petition is that it fails to demonstrate that petitioners have pursued the normal appellate channel of appealing their convictions to the United States Supreme Court. Although *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) indicated in dicta that a petition for certiorari in the Supreme Court was not a prerequisite to federal habeas corpus relief, that dicta is inapplicable in this case because petitioners were entitled to review of their convictions by direct appeal to the Supreme Court under 28 U.S.C. § 1257(2). In *Fay* the Supreme Court reasoned that its earlier decisions requiring habeas corpus petitioners to seek

review in the Supreme Court before applying for habeas were decided

> at the time when review of state criminal judgments in this Court was by writ of error. Review here was thus a stage of the normal appellate process. The writ of certiorari, which today provides the usual mode of invoking this Court's appellate jurisdiction of state criminal judgments, "is not a matter of right, but of sound judicial discretion, and will be granted only where there are special and important reasons therefor." Supreme Court Rule 19(1). Review on certiorari therefore does not provide a normal appellate channel in any sense comparable to the writ of error.

372 U.S. at 436, 83 S.Ct. at 847.

In *Fay* the Supreme Court announced that its holding overruled *Darr v. Burford,* 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), insofar as *Darr* made petitioning for certiorari a prerequisite to federal habeas relief. 372 U.S. at 435, 83 S.Ct. 822. In *Darr,* the Court, in tracing the historical development of the exhaustion requirement, observed:

> By 1891, it was clear that a federal circuit court committed no error in refusing a writ on the ground that the petitioner had not come to this Court on writ of error; and a great body of cases affirmed this holding that the petitioner should be "put to his writ of error."

339 U.S. at 206, 70 S.Ct. at 591 (footnotes omitted). In *Darr* the Court also outlined the more recent development of the exhaustion doctrine, noting that the Court's unanimous *per curiam* decision in *Ex parte Hawk,* 321 U.S. 114, 116–17, 64 S.Ct. 448, 88 L.Ed. 572 (1944), expressed "the fully developed and established exhaustion doctrine in its most frequently quoted form":

> Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted.

339 U.S. at 207, 70 S.Ct. at 592, *quoting Ex parte Hawk, supra.* When Congress revised the habeas statute in 1948, its intent was to embody in the statute the judicially developed principle of exhaustion as expressed in *Hawk.* The Senate and House Reports stated as to 28 U.S.C. § 2254:

> This new section is declaratory of existing law as affirmed by the Supreme Court. (See *Ex parte Hawk,* 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.)

339 U.S. at 211, 70 S.Ct. at 594, *quoting* S.Rep.No.1559, 80th Cong., 2d Sess., at 9; H.R.Rep.No.308, 80th Cong., 1st Sess., at A180.

■ The Court in *Fay* overruled *Darr, Hawk,* and the express legislative purpose of Congress by ruling that a petition for certiorari in the Supreme Court was not a prerequisite to federal habeas relief. That pronouncement in *Fay* was prompted in part by the fact that petitioning for certiorari was timeconsuming and burdensome to petitioners and to the Court:

> On the contrary the requirement of *Darr v. Burford* has proved only to be an unnecessarily burdensome step in the orderly processing of the federal claims of those convicted of state crimes. The goal of prompt and fair criminal justice has been impeded because in the overwhelming number of cases the applications for certiorari have been denied for failure to meet the standard of Rule 19. And the demands upon our time in the examination and decision of the large volume of petitions which fail to meet that test have unwarrantably taxed the resources of this Court.

372 U.S. at 437, 83 S.Ct. at 848. In contrast to review by certiorari, where a state criminal defendant is entitled to a direct appeal to the Supreme Court, the rule announced in the earlier cases appears to be viable: such a defendant must, absent exceptional circumstances, appeal to the Supreme Court before he will be heard on a federal habeas corpus petition. In such cases, an appeal to the Supreme Court is part of the "normal appellate process." Habeas corpus is not to

be used as a means of short-circuiting the normal appellate process.

*Fay* did not overrule the long established doctrine that a petitioner should be "put to his writ of error" before seeking habeas corpus relief. Congress expressly intended this doctrine to be embodied in 28 U.S.C. § 2254(b). This aspect of the exhaustion requirement is well supported in reason:

> The [habeas corpus] jurisdiction is more delicate, the reason against its exercise stronger, when a single judge is invoked to reverse the decision of the highest court of a State in which the constitutional rights of a prisoner could have been claimed . . . .

*Markuson v. Boucher*, 175 U.S. 184, 187, 20 S.Ct. 76, 77, 44 L.Ed. 124 (1899). This rationale is particularly compelling where a single federal judge is asked to rule a state statute unconstitutional when that state's highest court has upheld the statute. This is precisely the reason why prisoners making such a claim are entitled to review in the United States Supreme Court by direct appeal rather than by the discretionary writ of certiorari.

IT IS THEREFORE ORDERED that the present petition for habeas corpus is dismissed.